**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JOSHUA GIBSON ) | |
| 1001 Pine Street ) | |
| Mosinee, WI 54455, ) | |
| ) | CIVIL ACTION FILE NO. _____ |
| Plaintiff, ) | |
| ) | **JURY TRIAL DEMAND** |
| AMERISAFE RISK SERVICES, INC. ) | |
| 2301 Highway 190 West ) | |
| Deridder, LA 70634, ) | |
| ) | |
| Involuntary Plaintiff ) | |
| v. ) | |
| ) | |
| ARMOR LITE TRAILER ) | |
| MANUFACTURING, LLC ) | |
| 1190 State Highway H ) | |
| Sikeston, MO 63801, ) | |
| ) | |
| ABC INSURANCE COMPANY ) | |
| one or more fictitious insurance corporations) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

The above named plaintiff, Joshua Gibson, by **HABUSH HABUSH & ROTTIER S.C.®**, his attorneys, as and for a Complaint against the above named defendants, alleges and shows to the Court as follows:

**GENERAL ALLEGATIONS APPLICABLE
TO ALL CLAIMS FOR DAMAGES**

1. At the present time, the plaintiff, Joshua Gibson, is a citizen and resident of the State of Wisconsin, residing at 1001 Pine Street, Mosinee, Wisconsin 54455.

2. At the present time, the involuntary plaintiff, Amerisafe Risk Services, Inc. (Amerisafe"), is a foreign corporation duly licensed to do business in the State of Wisconsin, with its principal place of business located at 2301 Highway 190 West Deridder, Louisiana 70634; Amerisafe is an involuntary plaintiff by reason of Wis. Stat. §102.29 as it was the workers compensation carrier for Joshua Gibson's employer, Kafka Granite, LLC, and it provided workers' compensation benefits to Joshua Gibson.

3. At the present time, the defendant, Armor Lite Trailer Manufacturing, LLC ("Armor Lite"), is a foreign corporation conducting substantial business in the State of Wisconsin with it principal place of business at 1190 State Highway H, Sikeston, Missouri 63801.

4. One or more unknown insurance companies, herein designated pursuant to Wis. Stat. §807.12 by the fictitious name of ABC Insurance Company, had issued a policy or policies of insurance to Armor Lite, which provided coverage to Armor Lite for claims such as those hereinafter set forth in this Complaint and which policy or policies of insurance were in full force and effect at the time of the hereinafter described matter; by virtue of this contract of insurance, this defendant insurance company is a proper party defendant herein.

5. This Court has jurisdiction over the matter by virtue of 28 U.S. Code § 1332(a). The damages involved in this case exceed $75,000 and the plaintiffs and defendants are citizens of different states.

6. On or about September 25, 2018, the plaintiff, Joshua Gibson, while working in the scope of his employment for his employer, Kafka Granite, LLC, was cleaning the trailer bed of a semi-trailer designed, manufactured, and sold by Armor Lite.

7. In order to clean the trailer bed, the rear trailer gate, which weighs approximately 700 pounds, needs to be opened and latched to the side of the trailer with a chain mechanism. The

bed is then mechanically raised. Mr. Gibson was spraying the trailer bed with water, clearing out any debris, which slid out of the bed, passing out the open rear trailer gate.

8. On this occasion, Mr. Gibson opened the rear trailer gate and secured it in the open position with the chain and latching mechanism provided by the manufacturer. Mr. Gibson raised the mechanical trailer bed and was in the process of rinsing out the debris from the trailer bed with a hose when the chain holding the rear trailer gate open came loose, sending the 700-pound trailer gate towards Mr. Gibson.

9. Mr. Gibson attempted the stop the trailer gate while it was swinging toward him but was unable to hold it. Ultimately, Mr. Gibson attempted to get out of the way of the trailer gate but his right leg was pinned to the ground and crushed by the rear trailer gate causing significant permanent injuries, including loss of his right leg below the knee.

10. As a result of this incident, Mr. Gibson sustained permanent injuries and damages, including past and future pain, suffering, disability, humiliation, embarrassment, worry and mental distress, all of which is permanent in nature, and loss of enjoyment of life, past and future medical expenses, past wage loss and impairment of future earning capacity, and other compensable injuries.

**CLAIMS FOR DAMAGES BASED ON NEGLIGENCE
OF THE DEFENDANT, ARMOR LITE**

11. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-10 of the Complaint herein.

12. The defendant, Armor Lite, by its employees, agents and representatives, was negligent and careless in the design, manufacture, assembly, testing, inspection, advertising, instruction, warning, recall, distribution and sale of the Armor Lite trailer in question, and it was

otherwise negligent. In particular, the chain and latching mechanism that is supposed to hold the rear trailer gate in the open position while the trailer bed is raised, can be "falsely secured" appearing as though it is secure but because it does not have a fail-safe design, it can unknowingly release and cause the 700 pound rear trailer gate to swing toward the closed position. This extremely dangerous condition results from Armor Lite's negligence described above.

13. The aforedescribed negligence and carelessness of the defendant, Armor Lite, was a substantial factor in and a direct and proximate cause of the injuries sustained by Mr. Gibson. In particular, as discussed above, the rear trailer gate and chain mechanism in question was designed and manufactured without an appropriate safeguard or latching mechanism to secure the 700-pound rear trailer gate in the open position which, in this instance, allowed the chain to slip, causing the open trailer gate to become unsecured and allowing it to swing back toward its closed position ultimately causing horrific injuries described above to Mr. Gibson.

14. As a result of the carelessness and negligence of the defendant, Armor Lite Trailers, the plaintiff, Joshua Gibson, sustained permanent injuries and damages described above.

### CLAIMS FOR DAMAGES BASED ON STRICT PRODUCTS LIABILITY AGAINST THE DEFENDANT ARMOR LITE

15. Reallege and incorporate herein by reference all of the allegations of paragraphs 1-14 of the Complaint herein.

16. The trailer in question, manufactured by Armor Lite Trailers, was defective in its design, manufacturing, and use of warnings and Armor Lite is strictly liable as a result pursuant to Wisconsin Statutes § 895.047.

17. The trailer gate in question, particularly the chain and latching mechanism that holds the rear trailer gate in the open position, contained a manufacturing defect as it departed

from its intended design even though all possible care was exercised in the manufacture of the product as manufacturing defects in the chain, gate, and/or latching mechanism caused the rear trailer gate to become unlatched from its open position, and swing toward Mr. Gibson as described above.

18. In addition, the Armor Lite trailer in question was defective in design because the foreseeable risk of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by Armor Lite and the omission of this alternative design renders the trailer not reasonably safe. In particular, the rear trailer gate, chain, and latching mechanism that are supposed to hold the rear trailer gate in the open position but instead is capable of coming loose, causing the rear trailer gate to swing back toward the closed position when the trailer is elevated because of this defective design.

19. The Armor Lite trailer in question is also defective because of inadequate instructions and warnings because the foreseeable risk of harm posed by the trailer, including its rear trailer gate, chain, and latching mechanism that is supposed to hold the rear trailer gate in the open position, could have been reduced or avoided by the provision of reasonable instructions and warnings by Armor Lite and the omission of these instructions and warnings renders the product not reasonably safe.

20. The defective condition of the Armor Lite trailer rendered the product unreasonably dangerous to persons and property.

21. The defective condition existed at the time the product left the control of Armor Lite.

22. The trailer in question reached the user or consumer, namely, Kafka Granite, LLC, without substantial change in the condition which it was sold.

23. The defective condition described herein was a substantial factor and a direct and proximate cause of the injuries sustained by Mr. Gibson described herein.

WHEREFORE, the plaintiff demands judgment against the defendants for the amount of damages found to be appropriate, together with the costs, disbursements and prejudgment interest in this action.

Plaintiff alleges that his damages are more than the minimum amount necessary to invoke the jurisdiction of this Court.

Dated at Waukesha, Wisconsin this 7th day of December, 2020.

HABUSH HABUSH & ROTTIER S.C.®
Attorneys for Plaintiff

*Electronically Signed By:*   *Timothy S. Trecek*
Timothy S. Trecek
State Bar No. 1021161
Email: ttrecek@habush.com
Jesse B. Blocher
State Bar No. 1059460
Email: jblocher@habush.com

**PLEASE TAKE NOTICE THAT THE PLAINTIFF DEMANDS THAT THE ABOVE ENTITLED ACTION BE TRIED BY A SIX PERSON JURY.**

**P.O. ADDRESS:**
Stone Ridge I, Suite 100
N14 W23755 Stone Ridge Drive
Waukesha, WI 53188
(262) 523-4700